IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| EDMOND ZAGORSKI, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-01035 |
| | ) | |
| BILL HASLAM, in his official capacity | ) | |
| as GOVERNOR; | ) | DEATH PENALTY CASE |
| | ) | |
| TONY PARKER, in his official capacity | ) | |
| as COMMISSIONER; and, | ) | |
| | ) | |
| TONY MAYS, in his official capacity | ) | |
| as WARDEN, Riverbend Maximum | ) | |
| Security Prison, | ) | |
| | ) | |
|    Defendants. | ) | |

---

## DEFENDANTS' MOTION TO DISMISS AND
## MEMORANDUM OF LAW IN SUPPORT
---

Defendants move to dismiss this action as moot.

Plaintiff had chosen electrocution as the method of his execution and he brought this action to ensure that the State of Tennessee honor his choice. To that end, he asked this Court to enjoin the Defendants from executing him by lethal injection using Tennessee's three-drug protocol, which the Tennessee Supreme Court recently upheld as constitutional in *Abdur'Rahman et al. v. Parker et al.*, __ S.W.3d __, 2018 WL 4858002 (Tenn. Oct. 8, 2018), *cert. denied*, __ U.S. __, 2018 WL 4900813 (U.S. Oct. 11, 2018).

The State has now notified Plaintiff that it will honor his decision to have his execution carried out by electrocution. Because the State's undertaking to honor and comply with Plaintiff's choice eliminates any case or controversy before this Court, this case should be dismissed as moot.

**A. Factual Background**

On October 8, 2018, three days before his scheduled execution date, Plaintiff served Defendants with an Affidavit Concerning Method of Execution in which he waived his right to be executed by lethal injection and chose to be executed by electrocution. Complaint, D.E. 1, at 7. Plaintiff's counsel was notified on October 9, 2018, that the State deemed Plaintiff's election ineffectual. *Id.*

On October 10, 2018, one day before his scheduled execution, Plaintiff filed this lawsuit accompanied by an Emergency Motion for Temporary Restraining Order and Preliminary Injunction asking the Court to direct the State to execute him "in accordance with its newest electrocution protocol" and to enjoin the State from carrying out his execution by lethal injection. Doc. No. 1, at 2; Emergency Motion, Doc. No. 3. Plaintiff alleged that he has an absolute right to choose execution by electrocution instead of by lethal injection. Doc. No. 1, at 11-12. And, given the choice between lethal injection and electrocution, Plaintiff pled that "it is his sincere preference to die by the electric chair." Doc. No. 1, at 10-11. The only relief Plaintiff requested was that the Court "enjoin the Defendants from executing Mr. Zagorski by using the three-drug protocol outlined in the July 5, 2018, TDOC execution manual." *Id.* at 17.

This Court entered a temporary injunction on October 11, 2018, the day of Plaintiff's scheduled execution, which "enjoined [Defendants] from proceeding with the Plaintiff's execution by lethal injection pending a final judgment in this case." Memorandum and Order, Doc. No. 10. Later that day and specifically in light of this Court's "decision to honor Zagorski's last-minute

decision to choose electrocution as the method of execution," and "to give all involved the time necessary to carry out the sentence in an orderly and careful manner," Governor Bill Haslam granted Plaintiff a ten-day Reprieve until October 21, 2018, Attachments 1 and 2.

On October 22, 2018, at the conclusion of the ten-day reprieve period, the Tennessee Supreme Court re-set Plaintiff's execution for November 1, 2018. Attachment 3. Also on October 22, the Tennessee Department of Correction provided Plaintiff and his counsel with official, written notice that the Department will honor his choice and will carry out his execution by electrocution based upon his waiver of the right to be executed by lethal injection pursuant to Tenn. Code Ann. § 40-23-114. Attachment 4. This gives Plaintiff the precise relief he has requested from this Court in this action.

### B. Plaintiff's Lawsuit Should Be Dismissed as Moot.

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies," U.S. Const. art. III, § 2, cl. 1, "a cradle-to-grave requirement" that must be satisfied at the time a plaintiff first brings suit and that must remain satisfied throughout the life of the case. *Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564, 567 (6th Cir. 2013) (quoting *Fialka–Feldman v. Oakland Univ. Bd. of Tr.*, 639 F.3d 711, 713 (6th Cir. 2011)). If after filing a complaint the claimant loses a personal stake in the action, making it "impossible for the court to grant any effectual relief whatever," the case must be dismissed as moot. *Id.* (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)).

Plaintiff filed the instant lawsuit under 42 U.S.C. § 1983 challenging Tennessee's alleged deprivation of his "right to die by electrocution," his "right not to die by . . . lethal injection," and his "right to choose electrocution over lethal injection." Doc. No. 1, at 11-12. Plaintiff avowed

3

that "it is his sincere preference to die by the electric chair." Doc. No. 1, at 10. And he requested that this Court "[e]njoin the Defendants from executing [him] using the three-drug protocol outlined in the July 5, 2018 TDOC execution manual." Doc. No. 1, at 17.

This Court issued a preliminary injunction prohibiting the Defendants from executing Defendant by lethal injection. Memorandum and Order, D.E. 10. The Defendants have not appealed that order. Moreover, now that the new execution date has been set, the Defendants have given Plaintiff official, written notice committing that the Department will honor Plaintiff's choice and will carry out his execution by electrocution, not by lethal injection.

When a plaintiff "receives the relief he or she sought to obtain through a claim," the case is moot. *Hrivnak,* 719 F.3d at 567 (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)). Thus, for example, when a state court orders the same relief sought by the plaintiff in a parallel federal action, there is no longer a live controversy and the parallel federal claim is moot. *See Simpson v. Camper*, 974 F.2d 1030, 1031 (8th Cir. 1992) (case was moot where state court granted "precisely the same relief" that was requested in federal action); *New York v. Seneci,* 817 F.2d 1015, 1017 (2d Cir.1987) (claim dismissed where separate state court action provided all relief requested in federal action).

Here, the State of Tennessee has, as of today, given Plaintiff "precisely the same relief" requested in this lawsuit, *i.e.*, it will not carry out his execution by lethal injection, which he has waived, and will instead honor his choice to be executed by electrocution.[1] Because there is no longer any live case or controversy before the Court, the case should be dismissed.

---

[1] Plaintiff's choice of electrocution also eliminates any avenue to challenge that method of execution in this or any other proceeding. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999) ("By declaring his method of execution, picking lethal gas over the State's default form of execution-lethal injection–Walter LaGrand has waived any objection he might have to it.").

4

# CONCLUSION

Plaintiff's case should be dismissed as moot.

> Respectfully submitted,
>
> HERBERT H. SLATERY III
> Attorney General and Reporter
>
>
> s/ Scott C. Sutherland
> SCOTT C. SUTHERLAND
> Deputy Attorney General
> B.P.R. No. 29013
> scott.sutherland@ag.tn.gov
>
>
> s/ Rob Mitchell
> ROB MITCHELL
> Assistant Attorney General
> B.P.R. No. 32266
> Law Enforcement and
> Special Prosecutions
> Division
> P.O. Box 20207
> Nashville, Tennessee 37202-0207
> Off. (615) 532-7688
> Fax (615) 532-3926
> robert.mitchell@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been filed and served electronically to the following parties via the Court's electronic filing system on this the 22nd day of October 2018:

Kelley Henry
Amy Harwell
Richard Tennent
Katherine Dix
Jay Martin
Office of the Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
(615) 736-5047
Kelley_henry@fd.org
*Counsel for Zagorski*

>                                                  */s/ Scott C. Sutherland*
>                                                  SCOTT C. SUTHERLAND
>                                                  Deputy Attorney General