IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDMUND ZAGORSKI, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:18-cv-01035 |
| | ) |
| BILL HASLAM, et al., | )   JUDGE TRAUGER |
| | ) |
|    Defendants | ) |

## MEMORANDUM AND ORDER

This action was initiated on October 10, 2018, by the plaintiff, Edmund Zagorski, who alleged four causes of action arising from the Tennessee Department of Correction's (TDOC's) denial of his request to be executed by electrocution as provided by Tennessee Code Annotated § 40-23-114, including an alleged violation of the Ex Post Facto Clause of the Constitution. The essence of the plaintiff's Complaint was that the TDOC was refusing his request to die by electrocution and was, instead, intent on proceeding with execution by a form of lethal injection that allegedly increased the punishment he would experience beyond that imposed at the time he was sentenced. On October 11, the day the plaintiff was scheduled to be executed, the court found that there were sufficiently serious questions about the merits of the plaintiff's claims to warrant an injunction against the defendants' proceeding with the plaintiff's execution by lethal injection. (Doc. No. 10.) In a Motion to Dismiss filed yesterday afternoon, the defendants informed the court that, rather than appeal this court's injunction, they will honor the plaintiff's request pursuant to state law to proceed with execution by electrocution in lieu of lethal injection. (Doc. No. 12 at 4.) The court will consider the defendants' motion in due course.

In the meantime, however, proposed intervenors David Earl Miller, Nicholas Todd

Sutton, Stephen Michael West, and Terry Lynn King, all fellow inmates of the plaintiff on death row, filed a Motion to Intervene in the plaintiff's lawsuit. (Doc. No. 11.) The would-be intervenors, hereinafter the "Miller group," assert a right to intervene pursuant to Federal Rule of Civil Procedure 24(a). That provision requires the court to permit intervention by anyone who, among other requirements, has "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). But this action does not involve any property or transaction between the parties. The Miller group's alleged "direct and personal interest in vindicating the right they share with Mr. Zagorski" (Doc. No. 11 at 9) amounts simply to an allegation of a ***shared claim***. An assertion of a shared claim invokes review under the "Permissive Intervention" section of Rule 24, pursuant to which "the court *may* permit" intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact."

In light of the TDOC's decision to honor the plaintiff's choice to die by electrocution, there is no reason to believe that it would not do the same for the Miller group, thus obviating any need for them to assert *ex post facto* claims regarding the state's current lethal injection method. The Miller group does not allege that any of its members has invoked his statutory right to choose electrocution and been denied, which was the basis of the plaintiff's lawsuit. Rather, the true core of the litigation the Miller group proposes—as suggested by their motion and fully evidenced by their Proposed Complaint in Intervention—is a challenge to the constitutionality of electrocution itself—a wholly separate claim not at issue in the current litigation. (*See* Doc. No. 11 at 11; Doc. No. 11-1 at 11–20.) Accordingly, the Miller group does not actually share any substantial claim with the plaintiff that is at issue in this case.

Moreover, regardless of whether the court reviews a motion to intervene under Rule 24

(a) or (b), the following factors are relevant to whether the motion should be granted:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

The court finds that there are unusual circumstances in this instance that militate against intervention. Specifically, the court takes judicial notice that three of the Miller group—David Earl Miller, Nicholas Todd Sutton, and Stephen Michael West—were recently plaintiffs in a separate lawsuit filed in this court under 42 U.S.C. § 1983, in which they asserted facial and as-applied challenges to Tennessee's current lethal injection protocol. Finding that the gravamen of that case was already being litigated in parallel litigation initiated earlier in state court, the Honorable William L. Campbell, Jr. of this court granted the motion of the defendants in that case to stay the case, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), on October 12, 2018. Memorandum and Order, *Miller et al. v. Parker et al.*, No. 3:18-cv-00781 (M.D. Tenn. Oct. 12, 2018). Rather than including any *ex post facto* claim about the lethal injection protocol or any claims about electrocution in their complaint in that case, or seeking to add them later, the Miller group filed a Notice of Voluntary Dismissal in that case yesterday, only to file their Motion to Intervene (along with Terry Lynn King) in this case hours later. Notice, *id.* (M.D. Tenn. Oct. 22, 2018.) This near-simultaneous abandonment of an execution-related Section 1983 action before one judge and attempt to join an execution-related Section 1983 action pending before another judge strongly suggests the sort of blatant

judge-shopping by the Miller group that the court cannot condone by granting the pending motion. *See Tennessee v. Gibbons*, No. 3:16-CV-00718, 2017 WL 4535947, at *4 (M.D. Tenn. Oct. 10, 2017) ("'[t]he practice of judge-shopping raises serious questions of professional ethics and undermines trust in the court's impartiality,' and . . . 'some consequence should follow' for those who engage in the practice") (Crenshaw, C.J., quoting *Landau v. Virdian Energy PA, LLC*, No. 16-2383, 2017 WL 3581323, at *3 (E.D. Pa. April 3, 2017)).

For these reasons, the Miller group's Motion to Intervene (Doc. No. 11) is **DENIED**.

It is so **ORDERED**.

ENTER this 23rd day of October 2018.

Aleta A. Trauger
United States District Judge