IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDMOND ZAGORSKI, | ) | |
| Plaintiff, | ) | No. 3:18-cv-01035 |
| | ) | |
| v. | ) | DEATH PENALTY CASE |
| | ) | EXECUTION DATE: |
| BILL HASLAM, et al. | ) | NOVEMBER 1, 2018 7:00 PM |
| Defendants | ) | |

RESPONSE IN OPPOSITION TO MOTION TO DISMISS; REQUEST FOR
PERMANENT INJUNCTION; AND REQUEST FOR ORDER DIRECTING
DEFENDANTS' TO PRODUCE DOCUMENTS REGARDING THE TENNESSEE
ELECTROCUTION PROTOCOL

Defendants, through the Tennessee Attorney General's Office, suggest that

there is no longer a case or controversy because Defendant Mays has sent a non-

binding letter indicating that the Tennessee Department of Correction will carry

out Zagorski's execution on November 1, 2018 by electrocution. Defendants request

that this Court dismiss the case as moot, which would have the effect of dissolving

the preliminary injunction currently in place. Zagorski opposes the motion. Instead,

this Court should make its injunction permanent given Defendants' apparent

concession. Further, given the inconsistent positions taken by Defendants in this

Court and in public statements, the Court should order Defendants to produce to

this Court and Plaintiff current data regarding (1) any and all testing/evaluation

performed on the equipment used to carry out an execution by electrocution in

Tennessee since January 1, 2017 and (2) any and all records of training of personnel

responsible for carrying out an execution by electrocution in the State of Tennessee. In support of his position, Zagorski states the following:

1.      On October 10, 2018, Defendants told this Court, "Plaintiff has no [sic] 'an absolute right' under Tennessee law to choose electrocution as his method of execution." D.E. 8 at 2, PageID # 378 (Resp. Opp. TRO/PI). Defendants also took the position that "the right to elect a method of execution necessarily exists within the confines of and under the limitations of the applicable execution protocol." *Id.*

2.      Further, Defendants represented to this Court that an execution by electrocution on October 11, 2018, was "impracticable and unworkable under the Department's protocol." *Id.* at 3, PageID # 379.

3.      On October 15, 2018, Defendants Parker and Mays, through their in-house counsel, provided a tardy response to a pending request under the Tennessee Public Records Act, which revealed that Department of Corrections' officials engaged in an electrocution practice session on September 27, 2018. Exhibit 1.

4.      Also on October 15, 2018, it was reported publicly that the Department of Correction tested the electric chair on October 10, 2018 – the same day that Defendants represented that Zagorski's request was "unworkable." https://www.wate.com/news/tennessee/state-prepares-electric-chair-execution-date-unconfirmed/1525153016 (last checked October 23, 2018).

5.      On October 16, 2018, counsel for Zagorski requested that Defendants produce by noon on October 19, 2018, "copies of any and all reports of tests performed on Tennessee's electric chair within the last 6 months" and "records of any and all

2

training/practice sessions of the Tennessee electrocution protocol conducted in the past six months." Exhibit 2, email to Jennifer Smith and Scott Sutherland.

6.     On October 17, 2018, Janet Kleinfelter, a Deputy Attorney General, sent a letter through the United States mail to counsel for Zagorski purporting to interpret Zagorski's email request of Defendants in this action as a request under the Tennessee Public Records Act and denying said request because the Tennessee Attorney General is "not the custodian of records." Exhibit 3, Kleinfelter letter.[1]

7.     On October 18, 2018, Defendant Haslam told reporters that Defendant Parker told Haslam on October 11, 2018, that the Department of Correction was ready to carry out an electrocution on October 11, 2018.

https://www.tennessean.com/story/news/politics/2018/10/18/tennessee-gov-bill-haslam-zagorski-reprieve-ensure-state-prepared-electric-chair/1683720002/ (last checked October 23, 2018). Defendant Haslam's public statement is plainly inconsistent with what his counsel with the Attorney General's Office represented to this Court on October 10, 2018.

8.     Given the shifting positions of Defendants in this case, Zagorski has no assurance that the Department will honor the representations of Defendant Mays in his non-binding letter of October 22, 2018.

---

[1] Undersigned counsel can represent to the Court that periodic requests for public records regarding execution procedures are made to Defendants Parker and Mays. Those requests are handled by Parker and Mays' in-house counsel, Debbie Inglis and Kelly Young. The requests are routinely tardy under the Act, and despite requests for current records, Inglis and Young use the date of the letter requesting such public records as a cut-off date for the records they produce. That is, if the letter is dated January 1st, the Department arbitrarily only produces records up to January 1st, even if the records are not provided until January 30th. Hence, the information provided is routinely 30 days or more out of date.

3

9.     Zagorski's concerns are well founded. Public records received after the execution of Billy Ray Irick reveal that the Department misled the Davidson County Chancery Court about (1) the condition of the drugs that would be used to execute Irick (Defendants Parker, Mays, and their in-house counsel said the midazolam would be provided in a refrigerated state. Instead it was frozen. Midazolam should not be frozen), and (2) the presence of back-up chemicals to be used as a safeguard during the execution (there were none).

10.     The only way that Zagorski can be assured that the Department will not renege on its current position is through the issuance of a permanent injunction from this Court.

11.     Further, Zagorski has current, legitimate concerns about the condition of the Tennessee electric chair. The Court should direct Defendants to immediately produce (1) any and all testing/evaluation performed on the equipment used to carry out an execution by electrocution in Tennessee since January 1, 2017 and (2) any and all records of training of personnel responsible for carrying out an execution by electrocution in the state of Tennessee.

12.     Defendants' suggestion that Zagorski has waived his right to challenge the electrocution protocol is not legally sound, and their reliance on *Stewart v. Lagrand,* 526 U.S. 115 (1999), inapt. *Lagrand* presumes the presence of a constitutional method of execution that an inmate knowingly and willfully bypasses in favor of a different form of execution. *Lagrand*, a per curiam decision entered on the eve of an

execution without briefing and argument, is premised on *Johnson v. Zerbst,* 304

U.S. 458 (1938). In *Zerbst*, the Court held:

> It has been pointed out that courts indulge every reasonable
> presumption against waiver of fundamental constitutional rights and
> that we do not presume acquiescence in the loss of fundamental rights.
> A waiver is ordinarily an intentional relinquishment or abandonment
> of a known right or privilege. The determination of whether there has
> been an intelligent waiver of right to counsel must depend, in each
> case, upon the particular facts and circumstances surrounding that
> case, including the background, experience, and conduct of the accused.

*Id.* at 464 (internal quotation marks and citations omitted).

13.    Unlike *Lagrand*, Zagorski is faced with execution by two unconstitutional

methods of execution. Such a coerced decision cannot form the basis of valid waiver.

CONCLUSION

Wherefore, Defendants' motion should be denied. This Court's preliminary

injunction should be made permanent.  Further, the Court should order Defendants

to produce (1) any and all testing/evaluation performed on the equipment used to

carry out an execution by electrocution in Tennessee since January 1, 2017 and (2)

any and all records of training of personnel responsible for carrying out an

execution by electrocution in the state of Tennessee. Finally, the Court should enter

any additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC
DEFENDER FOR THE MIDDLE DISTRICT
OF TENNESSEE

KELLEY J. HENRY, BPR#21113
Supervisory Asst. Federal Public Defender
AMY D. HARWELL, BPR#18691

5

Asst. Chief, Capital Habeas Unit
RICHARD TENNENT, BPR# 16931
KATHERINE DIX, BPR#022778
JAY O. MARTIN, BPR#18104
810 Broadway, Suite 200
Nashville, TN  37203
Phone:  (615) 736-5047
Fax:  (615) 736-5265


BY:    */s/ Kelley J. Henry*
        Counsel for Edmond Zagorski


## CERTIFICATE OF SERIVCE

I, Kelley J. Henry, hereby certify that a true and correct copy of the foregoing document was electronically filed and sent to the following via email on this the 23rd day of October, 2018, to:

Andree Blumstein
Solicitor General

Jennifer Smith
Asst. Solicitor General

Scott C. Sutherland
Asst. Attorney General
P.O. Box 20207
Nashville, TN  37202-0207


*/s/ Kelley J. Henry*
Kelley J. Henry
Supervisory Asst. Federal Public Defender


6