# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **EDMOND ZAGORSKI,** | ) |
|     **Plaintiff,** | ) |
| v. | )    No. 3:18-cv-01035 |
| **BILL HASLAM, in his official capacity as GOVERNOR;** | )    **DEATH PENALTY CASE** |
| **TONY PARKER, in his official capacity as COMMISSIONER; and,** | ) |
| **TONY MAYS, in his official capacity as WARDEN, Riverbend Maximum Security Prison,** | ) |
|     **Defendants.** | ) |

## DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT FOR PLAINTIFF

Defendants move the Court to make permanent its Temporary Injunction enjoining Defendants from proceeding with Plaintiff's execution by lethal injection (Doc. No. 10) and to enter judgment for the Plaintiff pursuant to Fed. R. Civ. P. R. 54(a).

Plaintiff was sentenced to death for first-degree murders committed before January 1, 1999. Under Tenn. Code Ann. § 40-23-114(b), he thus has a choice of two constitutional methods of execution: (1) lethal injection[1] or (2) electrocution.[2] Plaintiff chose electrocution as the method

---

[1] *Abdur'Rahman, et al. v. Parker, et al.*, 2018 WL 4858002 (Tenn.), *cert. denied sub nom., Zagorski, et al. v. Parker, et al.*, 2018 WL 4900813 (Oct. 11, 2018) (upholding as constitutional Tennessee's three-drug lethal injection protocol).

[2] *In re Kemmler*, 136 U.S. 436 (1890) (affirming New York's imposition of electrocution as a means of capital punishment); *State v. Black*, 815 S.W.2d 166 (Tenn. 1991) (electrocution is a constitutionally permissible method of execution).

of his execution and he brought this action to ensure that the State of Tennessee honors his choice. To that end, Plaintiff filed a Complaint and Emergency Motion for Temporary Restraining Order and Preliminary Injunction asking the Court to direct the State to execute him "in accordance with its newest electrocution protocol" and to enjoin the State from carrying out his execution by lethal injection. Complaint, Doc. No. 1, at 2, 17; Emergency Motion, Doc. No. 3. Plaintiff pled that "it is his sincere preference to die by the electric chair." Doc. No. 1, at 10-11. And the only relief Plaintiff requested was that the Court "enjoin the Defendants from executing Mr. Zagorski by using the three-drug protocol outlined in the July 5, 2018, TDOC execution manual." *Id.* at 17.

On October 11, 2018, this Court "enjoined [Defendants] from proceeding with the Plaintiff's execution by lethal injection pending a final judgment in this case." Memorandum and Order, Doc. No. 10. The Defendants did not appeal that order. Later that day and specifically in light of this Court's "decision to honor Zagorski's last-minute decision to choose electrocution as the method of execution," and "to give all involved the time necessary to carry out the sentence in an orderly and careful manner," Governor Bill Haslam granted Plaintiff a ten-day Reprieve until October 21, 2018, Attachments 1 and 2.

On October 22, 2018, at the conclusion of the ten-day reprieve period, the Tennessee Supreme Court re-set Plaintiff's execution for November 1, 2018. Attachment 3. Also on October 22, the Tennessee Department of Correction provided Plaintiff and his counsel with official, written notice that the Department will honor his choice and will carry out his execution by electrocution based upon his waiver of the right to be executed by lethal injection pursuant to Tenn. Code Ann. § 40-23-114. Attachment 4.

Because the State of Tennessee had thereby given the Plaintiff the precise and only relief requested in this lawsuit— *i.e.*, it will not carry out his execution by lethal injection and will instead

2

honor his choice to be executed by electrocution—the Defendants moved to dismiss this case as moot. *See Hrivnak v. NCO Portfolio Management, Inc.*, 719 F.3d 564, 567 (6th Cir. 2013) (when a plaintiff "receives the relief he or she sought to obtain through a claim," the case is moot) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)). Motion to Dismiss, Doc. No. 12.

In response to the Defendants' motion, Plaintiff expressed doubt about the Defendants' willingness to proceed with electrocution, arguing that "[t]he only way Zagorski can be assured that the Department will not renege on its current position is through the issuance of a permanent injunction from this Court." Response, Doc. No. 14 at p. 4, par. 10. Plaintiff asked that, instead of granting the motion to dismiss that case as moot, "the Court should make its [preliminary] injunction permanent." *Id.* at p. 1.

Accordingly, the Defendants hereby agree to the issuance of the permanent injunction for which Plaintiff has asked, namely making permanent the current preliminary injunction "enjoin[ing] [Defendants] from proceeding with the Plaintiff's execution by lethal injection pending a final judgment in this case." And because that permanent injunction is the only relief Plaintiff seeks in this action, Doc. No. 1, at 17, entry of that order should constitute the judgment in this action pursuant to Fed. R. Civ. P. 54.

3

## CONCLUSION

WHEREFORE, this Court should enter judgment in favor of the Plaintiff permanently enjoining the Defendants from carrying out his execution by means of Tennessee's three-drug lethal injection protocol.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter


*/s/ Scott C. Sutherland*
SCOTT C. SUTHERLAND
Deputy Attorney General
B.P.R. No. 29013
scott.sutherland@ag.tn.gov


*/s/ Rob Mitchell*
ROB MITCHELL
Assistant Attorney General
B.P.R. No. 32266
Law Enforcement and
Special Prosecutions Div.
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7688
Fax (615) 532-3926
robert.mitchell@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been filed and served electronically to the following counsel for Plaintiff via the Court's electronic filing system on this the 24th day of October 2018:

Kelley Henry
Amy Harwell
Richard Tennent
Katherine Dix
Jay Martin
Office of the Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
(615) 736-5047
Kelley_henry@fd.org
*Counsel for Zagorski*

                                        */s/ Scott C. Sutherland*
                                        SCOTT C. SUTHERLAND
                                        Deputy Attorney General